CRAIG K. PERRY, ESQ.
Nevada State Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
(702) 943-7520 Fax
info@1stoplawfirm.com
*Attorney for Plaintiff David M. Rapp*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David M. Rapp,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.;<br>Trans Union LLC; Equifax Information<br>Services, Inc.; ProCollect, Inc.; Does 1-X;<br>Does I-X; and Roe Corporations, I-X,<br>inclusive,<br><br>　　　　　Defendants. | CASE NO.: 2:16-cv-01456-JCM-CWH<br><br>MOTION TO ENLARGE TIME TO SERVE |

### MOTION TO ENLARGE TIME TO SERVE

COMES NOW the Plaintiff, by and through his attorney, CRAIG K. PERRY, ESQ. of the law firm of CRAIG K. PERRY & ASSOCIATES and files this motion to enlarge time for service of process on Defendant PROCOLLECT, INC., pursuant to Fed R. Civ. P. 4(m).

This Motion is made and based upon all the papers and pleadings of record on file herein, and any oral argument at the time of the hearing in this matter.

DATED this 20TH day of October, 2016.

　　　　　　　　　　　　　　　　　　　CRAIG K. PERRY & ASSOCIATES

　　　　　　　　　　　　　　　　　　　/s/ Craig K. Perry
　　　　　　　　　　　　　　　　　　　CRAIG K. PERRY, ESQ.
　　　　　　　　　　　　　　　　　　　Nevada State Bar No. 3786
　　　　　　　　　　　　　　　　　　　8010 West Sahara Avenue, Suite 260
　　　　　　　　　　　　　　　　　　　Las Vegas, NV 89117
　　　　　　　　　　　　　　　　　　　Telephone (702) 228-4777
　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff David M. Rapp*

## POINTS AND AUTHORITIES

### I.

### SUMMARY OF RELEVANT FACTS

On June 6, 2016, Plaintiff David M. Rapp filed suit against four entities for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq ("FCRA"). The defendants included ProCollect, Inc., a debt collector with its principal place of business in Texas, who reported to the other three credit reporting agencies (CRAs) information concerning a debt that did not belong to the Plaintiff David M. Rapp. Despite efforts to dispute the error, Mr. Rapp's request for deletion went unheeded by ProCollect, Inc.

To give the court some bearing on the time frame, Mr. Rapp discovered the mistaken bill showing up on his credit report in April of 2015, and began contacting ProCollect, Inc. via telephone in late April or May of 2015. He wrote dispute letters requesting deletion in both 2015 and 2016. Each of the CRAs responded to the requests differently. ProCollect, Inc. appears to have verified the debt in each if not most instances, despite having either proof it did not belong to Plaintiff, lack of evidence, or a willingness to conduct a reasonable investigation.

After filing the lawsuit on behalf of Mr. Rapp, Plaintiff's counsel hired Reno/Carson Messenger Service (Lic# 322) to serve ProCollect, Inc. Accordingly, on June 29, 2016, 26 days after the filing of the lawsuit, the process server reported that they served had ProCollect Inc.'s resident agent, The Corporation Trust Company of Nevada, located at 701 S Carson St., Suite 200, Carson City, Nevada 89701. See Exhibit "1". The other three Defendants were also duly served, and all three of them have filed answers.

At the time of the pre-trial conference, no answer from ProCollect had yet been filed, and the meeting was held without ProCollect's involvement. Subsequent to the meeting and the filing of the conference report, counsel for plaintiff contemplated filing for default. Instead, as a courtesy to the Defendant, he contacted the main office of ProCollect, Inc. to find out whether they intended to respond to the suit by filing an answer in the above-reference matter. On October 9, 2016, Counsel for Plaintiff called ProCollect, Inc. and was able to speak with a woman at its Texas home office who identified herself as Mrs. Richardson. She stated they had not been served or heard of a lawsuit by Mr. Rapp.

She also denied that they had ever filed as a foreign corporation in Nevada. Mrs. Richardson put counsel for Plaintiff on hold two or three times while she consulted with someone else at their corporate office before providing this information. However, records from the Nevada Secretary of State show otherwise. Currently, the status of Procollect, Inc. in Nevada is revoked. Counsel for Plaintiff is unaware of Procollect's foreign corporate status in Nevada at the time its process server served Procollect's resident agent in June.

Mrs. Richardson eventually returned to the phone call and advised Plaintiff's counsel that he could serve them at their corporate offices in Texas at 12170 Abrams Road, Suite 100, Dallas Texas, 75243-4579.

## II.

**Good cause exists to enlarge the time to permit service beyond the 90-day requirement Fed R. Civ. P. 4(m) applying the factors set forth in *Scrimer v. Eighth Judicial Dist. Court.***

Fed. R. Civ. P. 4(m) states the following, in pertinent part:

> (m) Time Limit for Service. If a defendant is not served within **90 days** after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Per the federal rules, the time to serve has recently been shortened to 90 days, however in all other respects, NRCP 4(i) and FRCP 4(m) are similar with regard to the "good cause" standard for enlarging the time so serve. As the rule states, if the plaintiff shows good cause for the failure to serve in the allotted time, the court must extend for an appropriate period. Plaintiff believes good cause can be demonstrated here.

In *Dillon v. West Pub. Corp.*, 2012 WL 2131936 (D. Nev. 2012), one of Nevada's U.S. District Court Judges, Robert C. Jones, applied the 10 factors set forth by the Nevada Supreme Court in *Scrimer v. Eighth Judicial Dist. Court*, 998 P.2d 1190, 1193 (Nev. 2000), in determining when an enlargement of time should be considered. "The determination of good cause is within the district court's discretion." [cite omitted.] In *Scrimer*, the Nevada Supreme Court articulated a "balanced and multifaceted" analysis to guide a court's determination of good cause under NRCP 4(i). [cite omitted.] The *Scrimer* Court set

down ten factors to consider, emphasizing that no single factor is controlling." See Dillon at p. 3, under the section "Legal Standard."

The *Scrimer* case involved a plaintiff who had suffered injury in a motor vehicle accident. The lawsuit in that case was filed shortly before the statute of limitations ran. Service of process was not effected within 120 days (May 28, 1998)—120 days is the allotted time to serve in Nevada's state district courts. In fact, Scrimer—the plaintiff—had not made *any* attempt to serve process during the 120 days, apparently because settlement negotiations were under way. Instead, the plaintiff filed 13 days after the 120 days had expired (on June 10, 1998). Thereafter, the plaintiff filed a motion for extension of time to serve (on June 16, 1998). The motion was granted, and plaintiff was given extra time (until June 29, 1998). The real party in interest moved to quash, which was granted for failure to show good cause for untimely service. Accordingly, Scrimer filed a writ of mandamus, which was granted. This is one of the Court's best and most recent clarifications of NRCP 4(i): "We take this opportunity to clarify the standards under NRCP 4(i). We grant the petition for a writ of mandamus [as to the Plaintiff Petitioner.]"

The court began its opinion on the matter by summarizing the rule:

NRCP 4(i) states that service of the complaint and summons must be made within 120 days, or the action will be dismissed without prejudice, unless a plaintiff can show good cause why service was not made during the 120–day period.[3] Dismissal is mandatory unless there is a legitimate excuse for failing to serve within the 120 days. *See Dougan v. Gustaveson*, 108 Nev. 517, 835 P.2d 795 (1992). The determination of good cause is within the district court's discretion. *See Lacey v. Wen–Neva*, Inc., 109 Nev. 341, 849 P.2d 260 (1993).[1]

The court on to explain the purpose of the rule and changes to the rule:

***Rule 4(i) was promulgated to encourage diligent prosecution of complaints once they are filed.*** See *Moore v. Shreck*, 102 Nev. 163, 717 P.2d 49 (1986) (reversing an order dismissing a complaint for lack of diligent prosecution because no standard then provided for such a dismissal, and at the same time, announcing the adoption of NRCP 4(i)). NRCP 4(i) is based on an analogous federal rule, which was adopted as a case-management tool. As two of the leading commentators on federal procedure have observed:

The 120–day limit on service ... reflects the modern trend of encouraging more efficient litigation by reducing the time between the institution of an action and service of process. It is hoped that the amended rule, by giving the court the authority to dismiss the plaintiff's action on its own initiative when the time requirement is not met, will help ease the increasing backlog of cases in the federal courts and the delay in their movement. In that sense, Rule 4(j) attempts to

---

[1] 998 P.2d at pp. 1193–94

harmonize the open-door policy of the federal court system and the mandate in Rule 1 for the "just, speedy, and inexpensive determination of every action."

4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 at 385 (2d ed.1987) (footnotes omitted). [Italics in bold added for emphasis.][2]

Continuing, the court went on to review four Nevada cases dealing with NRCP 4(i), three of which we deal with in detail in the instant motion.

The court reviewed a number of situations giving rise to granting a NRCP 4(i) request:

We conclude that a number of considerations may govern a district court's analysis of good cause under NRCP 4(i), and we emphasize that no single consideration is controlling. Appropriate considerations include: (1) difficulties in locating the defendant, (2) the defendant's efforts at evading service or concealment of improper service until after the 120–day period has lapsed, (3) the plaintiff's diligence in attempting to serve the defendant, (4) difficulties encountered by counsel, (5) the running of the applicable statute of limitations, (6) the parties' good faith attempts to settle the litigation during the 120–day period, (7) the lapse of time between the end of the 120–day period and the actual service of process on the defendant, (8) the prejudice to the defendant caused by the plaintiff's delay in serving process, (9) the defendant's knowledge of the existence of the lawsuit, and (10) any extensions of time for service granted by the district court.[6] Underlying these considerations is the policy behind Rule 4(i)—to encourage the diligent prosecution of complaints. Rule 4(i) was not adopted, however, to become an automatic sanction when a plaintiff fails to serve the complaint within 120 days of filing.

When making a determination under NRCP 4(i), the district court should recognize that "good public policy dictates that cases be adjudicated on their merits." *Kahn v. Orme,* 108 Nev. 510, 516, 835 P.2d 790, 794 (1992) (citing *Hotel Last Frontier v. Frontier Prop.,* 79 Nev. 150, 155–56, 380 P.2d 293, 295 (1963)).[3] [italics in bold added for emphasis]

To summary, here are appropriate considerations set forth in *Scrimer* in considering an enlargement of time, which the Judge Jones indicated "the Supreme Court articulated a "'balanced and multifaceted' analysis to guide a court's determination of good cause under NRCP 4(i)....emphasizing that no single factor is controlling:

1. Difficulties in locating the Defendant;
2. Evading service or concealment of improper service until after the time period has lapsed;
3. Diligence in serving;
4. Difficulties encountered by counsel;
5. Running of the statute of limitations;
6. Good faith attempts to serve;
7. Lapse between time to serve and actual date of service;
8. Prejudice to defendant for delay in serving;
9. Defendant's knowledge of existence of the lawsuit; and
10. Extensions of time already granted by the court

Going further, the court softened its position in granting enlargements of time under NRCP 4(i):

---

[2] 998 P.2d at p. 1194
[3] 998 P.2d at pp. 1195–96

PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE         CASE NO.: 2-16-CV-01456-JCM-CWH

We specifically ***disavow and overrule*** *Lacey* to the extent that it stands for the proposition that "settlement negotiations alone will not constitute good cause for a plaintiff's failure to serve process within 120 days of the filing of the complaint." *Lacey,* 109 Nev. at 345, 849 P.2d at 262. Negotiations with an eye to settlement, undertaken in good faith in a serious effort to settle the litigation during the 120–day period, may constitute good cause for untimely service under NRCP 4(i). Additionally, ***we renounce our dictum in Dougan, which suggests that an inflexible approach should be used in assessing motions to dismiss under Rule 4(i)***.[4] [Italics in bold added for emphasis.]

Federal Judge Jones applied these same factors in the *Dillon* case cited above, which we now apply here:

1. *Difficulty in Locating the Defendant*. We've known where the ProCollect, Inc.'s home office is, the process server served their resident agent, but we are unable to ascertain whether they were revoked before service of process was effected, and we had no feedback from the resident agent who accepted service on their behalf. This factor favors the Defendant.

2. *Evading Service of Process*. Not applicable, therefore, this factor favors the Defendant.

3. *Diligence in Serving*. Plaintiffs hired a professional processor from a well-respected process server to serve each Defendant, including ProCollect, Inc. Service was believed to have been properly effected, and would have been so; however, the fact that at some point in time, the company was put in revoked status by the Secretary of State leaves the issues unresolved. Although, Counsel for Plaintiff was diligent in serving the registered agent of ProCollect, Inc. in Nevada, Counsel for Plaintiff would like to serve the home office of ProCollect, Inc., in an abundance of caution. This factor favors the Plaintiff.

4. *Difficulties encountered in serving the complaint*. The process server served ProCollect Inc. at the listed resident agent's location in Carson City. We don't know whether the foreign corporation status was in revoked status at the time the process servers left copies with the resident agent. We can state that since the time the process server served the complaint neither they nor us were ever informed there was a problem with service of process. Prior to the filing of this motion, counsel for Plaintiff's office called the resident agent at their listed phone number, 775-688-3051, to find out whether they ever provided a copy of the complaint and summons to ProCollect, Inc. This phone number of the

---

[4] 998 P.2d at pp. 1196

1  resident agent is disconnected. See the Declaration of Craig K. Perry. Defendant has or had a registered
2  agent to accept service of process in the State of Nevada.
3       In summary, we have had difficulties serving ProCollect, Inc., based upon our good-faith belief
4  that the lawsuit was properly served upon the resident agent of ProCollect, Inc. who filed as a foreign
5  corporation and was it is assumed, placed on recent revoked status in Nevada. This factor favors the
6  Plaintiff.
7       4. *Running of the statute of limitations.* The statute of limitations for this case has not run. The
8  Plaintiff has at three years in which to file this FCRA action, or until April of 2018. According to a
9  ProCollect, Inc. representative, they have never filed in Nevada as a foreign corporation. This is not a
10 factor in the case. This factor favors the Defendant as Judge Jones applied this factor.
11      5. *Good faith attempts to serve.* Service of process was believed to have been effected by the
12 process server on June 29, 2015, for all of the reasons stated in factor number three, above. In addition,
13 what was believed to be proper service was made less only 23 days after the lawsuit was filed. This is a
14 factor in favor of an enlargement of time. This factor favors the Plaintiff.
15      6. *Prejudice to Defendant.* As discussed above, there is no prejudice to the Defendant. The
16 entire lawsuit could be dismissed and refiled, and everyone re-served, or the complaint amended, but it
17 with the plenty of time still left in the statute of limitations, enlarging time to serve will not prejudice
18 the Defendant, who has not accrued any right against being sued for the alleged violations of the
19 FCRA. This factor favors the Plaintiff.
20      7. *Lapse in time to serve.* There no lapse in time in attempting to serve. The complaint was
21 served in 23 days from the date of filing. However, Plaintiff had until September 4, 2016 in which to
22 serve. In contemplation of default on October 9, 2016, Plaintiff contacted ProCollect, Inc.'s home
23 office to find out why they had not answered. Since that time, the Plaintiff has been preparing to file the
24 instant motion, after gathering all of the facts. 42 days have lapsed since the lapse in the time allotted to
25 serve under the new federal timeline, and 11 days since counsel began to realize that ProCollect
26 disputes having been served at all. In *Dillon*, 573 days lapsed since the expiration of the then 120-day

period, a factor that was decided in Defendant's favor in that case. We believe this should be decided in Plaintiff's favor given the efforts made to uncover the problem and act quickly to enlarge the time once the problem was discovered. In this case, this factor favors Plaintiff.

    8. *Prejudice to the Defendant cause by any delays.* We are early into this case and Plaintiff has not yet propounded any discovery. No one has sought any extensions of time yet. This factor favors the Plaintiff.

    9. *Defendant's knowledge of the existence of the lawsuit.* We could not confirm with ProCollect's resident agent or former resident agent whether they had actually notified ProCollect, Inc. of the pending lawsuit prior to Defendant ProCollect, Inc. However, the Plaintiff had written prior letters to ProCollect, Inc., called them and so ProCollect, while aware the Plaintiff was disputing the debt, we have to assume was not aware of the suit. We simply can't confirm it through a disconnected number. Therefore, this tends to factor favor the Defendant more than the Plaintiff.

    10. *Extensions of time.* This is the Plaintiff's first to enlarge time to serve. This factor favors the Plaintiff.

## CONCLUSION

    FOR THE FOREGOING REASONS, Plaintiff requests an additional thirty days to serve the Defendant ProCollect, Inc., from the date of issuance of Order granting the same.

DATED this 20th day of October, 2016.

CRAIG K. PERRY & ASSOCIATES

_____
CRAIG K. PERRY, ESQ.
Nevada State Bar No. 3786
8010 West Sahara Avenue, Suite 260
Las Vegas, NV 89117
Telephone (702) 228-4777
*Attorney for Plaintiff David M. Rapp*

IT IS SO ORDERED.

DATED: October 24, 2016

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

8

PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE     CASE NO.: 2-16-CV-01456-JCM-CWH

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure 5(b), I hereby certify that I am an employee of CRAIG K. PERRY & ASSOCIATES and that on October 21, 2016, I electronically filed the foregoing Motion to Enlarge time to Serve with the Clerk of the Court using the CM/ECF system. Notice of this filing is sent to all counsel of record by operation of the Court's electronic filing system to the parties listed below and the parties may access this filing through the Court's system.

| | |
|---|---|
| JENNIFER L. BRASTER, ESQ.<br>MAUPIN NAYLOR BRASTER<br>Nevada State Bar No. 9982<br>1050 Indigo Drive, Suite 112<br>Las Vegas, NV 89154<br>Email: jbraster@naylorandbrasterlaw.com<br>*Attorney for Defendant, Experian Information Services, Inc.* | |
| DARRELL D. DENNIS, ESQ.<br>Nevada State Bar No. 6618<br>JASON G. REVZIN, ESQ.<br>Nevada State Bar No.8629<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>6385 South Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada, 89118<br>Email: Darrell.dennis@lewsisbrisbois.com<br>Email: Jason.revzin@lewisbrisbois.com<br>*Attorney for Defendant Trans Union LLC* | BRADLEY T. AUSTIN, ESQ.<br>Nevada State Bar No. 13064<br>SNELL & WILMER LLP<br>3883 Howard Hughes Pkwy,<br>Suite 1100<br>Las Vegas, NV 89169<br>Email: baustin@swlaw.com<br>*Attorney for Defendant Equifax Information Services Inc.* |

*/s/ Helena M. Linaters*
An Employee of CRAIG K. PERRY & ASSOCIATES